UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:09-CV-00484-R

JENNIFER PEAVEY, M.D.                                                                   PLAINTIFF

v.

UNIVERSITY OF LOUISVILLE, et al.                                                DEFENDANTS

**MEMORANDUM OPINION & ORDER**

This matter comes before the Court upon Defendant Kentucky Board of Medical Licensure's Motion to Dismiss (DN 19).  Plaintiff responded (DN 26), and simultaneously filed her First Amended Complaint (DN 27).  No reply was filed; instead Defendant filed a Motion to Strike First Amended Complaint, or, in the Alternative, Renewed Motion to Dismiss (DN 28). Plaintiff responded (DN 33), and also moved for leave to file a first amended complaint (DN 32). These matters are now ripe for adjudication.  For the reasons that follow, Defendant's motions are GRANTED and Plaintiff's motion is DENIED.

BACKGROUND

This action arises out of Plaintiff Dr. Jennifer Peavey's release from the University of Louisville School of Medicine's Glasgow Family Medicine training program.  Peavey brought this action pro se against the Kentucky Board of Medical Licensure ("the Board") and fourteen other defendants, alleging violations of 42 U.S.C. §§ 1983, 1981, 1985, and 1986, as well as claims of breach of contract, defamation, libel, slander, wrongful discharge, breach of covenant of good faith and fair dealing, and fraud and deceit.

On January 7, 2009, the Associate Dean of Graduate Medical Education, John Roberts, notified Peavey that because she had failed to be licensed by the Board, she was released from the training program effective December 31, 2008.  Peavey had applied for licensing on April

17, 2008. On June 17, 2008, the Board sent a letter to Peavey that stated it had been brought to their "attention that during [her] post-graduate training at University of Louisville, there has been a request for six months of academic probation," and during medical school she "took a leave of absence from October 1999 through July 2000 and was placed on academic probation from June 2003 through May 2005." Because she had not disclosed this information in her application, the Board required Peavey to provide a written statement detailing the academic probations and leave, and the reason she failed to disclose this information.

In response to the Board's letter, Dr. Robert Risimini, the Assistant Dean for Student Affairs at Peavey's medical school, wrote to the Board stating that Peavey was never placed on probation by the medical school, and that it was mistakenly written on her form due to a clerical error. Rismini also stated that Peavey was on medical leave from October 1999 through July 2000. In Peavey's letter to the Board, written July 2, 2008, she also explained the clerical mistake and medical leave. With regards to the academic probation at the University of Louisville, she stated that she had not "received anything from my residency program in writing that indicates that I am on academic probation," that she had "passed all of [her] rotations," and that she had "scored above the national average on [her] in service exam."

Peavey alleges that the Board refused to process her application, even though she was at all times eligible for a license. She claims that she was not separated from the University of Louisville until October 2008. Additionally, Peavey states that she "made continuous inquiries to the Board and Residency Director, Dr. Wright, regarding the status of her license and she was told it was being processed." According to Peavey, the Board never informed her that "her license was not being processed, that she would need to reapply, or that the Board would not

2

provide [her] with a license." Peavey argues that the Board denied her due process by not conducting an investigation or hearing to determine whether the allegations made against her were true, as required by KRS § 311.591 and § 311.530. The Board states that it is protected by the Eleventh Amendment and immune from suit.

## STANDARDS

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule directs that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule gives effect to the principle that, as far as possible, cases should be determined on their merits and not on technicalities. *Cooper v. Am. Employers' Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961). Denial of leave to amend may be appropriate "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003) (citations and quotation omitted).

A motion to amend is deemed futile if the proposed amendment "could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). "When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d

3

373, 377 (6th Cir. 1995)). The Court will consider only the complaint, which must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).[1]

The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.* at 1965. Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint." *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner).

## DISCUSSION

Generally, the Eleventh Amendment bars suits brought in federal court against a state and its agencies. *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). There are essentially three exceptions to this rule: (1) when the state consents to suit; (2) when Congress has abrogated a state's sovereign immunity; and (3) when pursuant to *Ex parte Young*, 209 U.S. 123 (1908), a litigant seeks prospective injunctive or declaratory relief compelling a state official to comply with federal law. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). Because the

---

[1] The exhibits attached to the First Amended Complaint are considered part of the First Amended Complaint for the purposes of the motions to dismiss. *See* Fed R. Civ. P. 10(c); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Board is a state agency created by KRS § 311.530, and because none of the above exceptions exist in this case, the Board is entitled to sovereign immunity under the Eleventh Amendment. *See Williams v. Ky. Bd. of Med. Licensure*, 2008 WL 4329925, at *2-3 (W.D. Ky. Sept. 12, 2008).

Peavey filed her First Amended Complaint to "describe more clearly the actions of the Board at all material times to this action, and add additional claims for relief that the law allows and recognizes as the issues herein pertain to the Board." Even accepting all of the allegations in the First Amended Complaint as true and construing it liberally in Peavey's favor, the proposed amendment cannot withstand the Board's motion to dismiss because the Eleventh Amendment bars Peavey's suit against the Board. Therefore, the Court finds that denial of Peavey's motion to amend is appropriate due to the futility of the amendment.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (DN 19) and Motion to Strike First Amended Complaint, or in the alternative, Renewed Motion to Dismiss (DN 28) are GRANTED and Plaintiff's Motion for Leave to File First Amended Complaint (DN 32) is DENIED. The Kentucky Board of Medical Licensure shall be dismissed from this action and the First Amended Complaint shall be stricken from the record.