# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 3:09-CV-00484-R

**JENNIFER PEAVEY**                                                                                  **PLAINTIFF**

**v.**

**UNIVERSITY OF LOUISVILLE, et al.**                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion to Compel Discovery (Docket #52). Defendant has responded (Docket #57). This matter is now ripe for adjudication. For the following reasons, Plaintiff's Motion to Compel is DENIED.

## BACKGROUND

This action arises out of Plaintiff Dr. Jennifer Peavey's release from the University of Louisville School of Medicine's Glasgow Family Medicine training program. Peavey, an African American female, filed suit *pro se* against fifteen defendants, alleging violations of 42 U.S.C. §§ 1983, 1981, 1985, and 1986, as well as claims of breach of contract, defamation, libel, slander, wrongful discharge, breach of covenant of good faith and fair dealing, and fraud and deceit.

For the sake of brevity, only the factual issues pertinent to this motion are discussed. In Peavey's complaint, she outlines an allegation of racial discrimination directed towards her by the supervisor of her medical rotation while she was affiliated with the University of Louisville School of Medicine. Peavey claims that she relayed the derogatory remarks and the identity of the supervisor who made the remarks to human resources and to the chairman of her department at the School of Medicine. Peavey asserts that in retaliation for this charge of racial discrimination, she was placed on academic probation by the school. Regarding Peavey's

allegations of racial discrimination, there were two separate Grievance Hearings before the University of Louisville School of Medicine Academic Committee, on October 7, 2008, and November 24, 2008. The hearings were electronically recorded by University of Louisville officials to ensure accuracy.

This Court issued a Scheduling Order on October 15, 2009, stating that all discovery was to be completed by June 1, 2010. (Docket #35) Following the required disclosures under Federal Rule of Civil Procedure 26, Peavey and Defendants exchanged a variety of documents and materials pursuant to the pre-trial discovery rules. In response to Peavey's discovery requests, the Defendants provided over 600 pages of documents. On April 4, 2010, Peavey sent a letter stating that she intended to file a Motion to Compel discovery of a number of documents and the audio recordings of the grievance hearings that she claims were not provided to her pursuant to her requests. Defendants' counsel sent a letter in reply on April 7, 2010, indicating that a number of their previous correspondences sent to Peavey had been unanswered and that she had failed to previously contact them directly with regards to her discovery concerns. Additionally, Defendants' counsel stated in the letter that many of the requested documents in Peavey's Motion to Compel had already been supplied. Finally, Defendants' counsel requested that Peavey contact them so her concerns about the requested materials could be addressed. On April 10, Peavey filed her Motion to Compel.

## STANDARD

Determining "the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). Under Rule 37(a)(1), "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. Pro. 37(a)(1). In doing so, "the motion must include a certification that the movant has in good faith conferred or

attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* Motions to compel discovery responses are authorized where a party fails to provide proper responses to interrogatories under Rule 33 or requests for production of documents under Rule 34. Fed. R. Civ. Pro. 37(a)(3)(B)(iii), (iv).

Discovery requests are not limitless. "Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted 'to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'" *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (quoting *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)).

## DISCUSSION

Peavey moves to compel the Defendants to comply with her First Request fo Production of Documents as well as her Second Request for Production of Documents. In the required certification attached to her Motion to Compel, Peavey simply indicates that "I have not received any response [with regard to the discovery requests], and I have not been provided the documents or tape recordings requests." DN 52 at 16. In describing her actions to obtain these materials, the certification states that Peavey sent a letter "informing [defense counsel] of my intention to file a Motion to Compel if Defendants continued to refuse to produce the documents and tape recordings I requested through my First and Second Request for Production of Documents I propounded upon the Defendants." *Id.* No other communication between the parties is described in Peavey's certification.

As stated above, motions to compel disclosure or discovery require "a certification that the movant in good faith conferred or attempted to confer with the person or party failing to

make disclosure or discovery." Fed. R. Civ. Pro. 37(a)(1). It is not enough that the moving party simply attach the certification; instead "[e]vidence of [an] attempt to confer in good faith must be reflected in [the] certification included in the motion." *Hilton-Rorar v. State & Fed. Commc'ns, Inc.*, No. 09-1004, 2010 WL 148127, at *1 (N.D. Ohio Jan. 7, 2010). This Court agrees to satisfy the requirements of Rule 37(a)(1) (that the moving party has in good faith attempted to resolve their discovery dispute), the required certification "must include more that a cursory recitation that [the parties] have been 'unable to resolve the matter.'" *In re Johnson*, 408 B.R. 115, 120 (S.D.Ohio June 16, 2009) (*citing Shuffle Master, Inc. v. Progressive Games Inc.*, 170 F.R.D. 166, 171 (D. Nev. Sept. 3, 1996); *see Forest River Housing, Inc. v. Patriot Homes Inc.*, 06-841, 2007 WL 1376289, at *1 (N.D. Ind. May 7, 2007).

While the limited communication between Peavey and the Defendants insinuates that Peavey has not in good faith attempted to confer with the Defendants, such a determination by this Court is unnecessary. It is evident from the Defendant's Response to the Requests for Production that many of the documents that Peavey petitions for in her Motion to Compel may already be in her possession. *See* DN 52-3 at 3-13. Upon examination of the Defendants' responses to Peavey's discovery requests, many of the answers seem to indicate either that responsive documentation has been turned over to Peavey or the requested documentation does not exist. *Id.* Motions to compel discovery are authorized where a party fails to provide proper responses to requests for production under Rule 34. Fed. R. Civ. Pro. 37(a)(3)(B). It is this Court's opinion that the Defendants have attempted in good faith to comply with Peavey's request for documentation.

With regards to the audio recordings of the grievance hearings, the Defendants stated in their discovery responses to Peavey that she could review the recordings at "a mutually

convenient time and place." DN 52-3 at 5. While Peavey is incorrect in her assertions that she is entitled to the original recordings by virtue of the discovery rules, this Court believes that the Defendants should furnish Peavey with copies of the recordings. Despite the concerns of the Defendants that the audio recordings "do not copy well," requiring Peavey to travel from her current residence in Virginia to review the tapes would be overly burdensome and unnecessary. *See* DN 57 at 4.

Finally, although this Court believes that this Motion to Compel was improper, it understands that navigating the waters of pre-trial discovery and disclosure under the Federal Rules is difficult for *pro se* plaintiffs. If Peavey believes that she is entitled to certain discoverable items in the Defendants' possession, then a Motion to Compel may later be proper. However, such a motion would only be appropriate after Peavey could show that she has attempted in good faith to resolve her discovery and disclosure issues with the Defendants before seeking to involve this Court.

Consistent with the analysis above, the Plaintiff's Motion to Compel is denied. It is further ordered that the Defendants provide Peavey, at their earliest convenience, with copies of the audio recordings made during Grievance Hearings before the University of Louisville School of Medicine Academic Committee, on October 7, 2008, and November 24, 2008.

Defendants' request that Peavey reimburse their costs and fees for responding to the this motion. As Peavey filed her suit *pro se* and is unfamiliar with the intricacies of the discovery process, that request is denied.

## CONCLUSION

For the foregoing reasons:

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Discovery is DENIED.

IT IS HEREBY ORDERED that the Defendants turn over copies of the audio recordings made during Grievance Hearings before the University of Louisville School of Medicine Academic Committee, on October 7, 2008, and November 24, 2008.